FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

DEC 1 4 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| RICHARD DICKERSON, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | 2 04-23258 23 |
| ) | |
| vs. ) | **VERIFIED COMPLAINT** |
| ) | |
| M/V PROLIV VILKITSKOGO, *in rem*, ) | |
| SEVRYBKHOLODFLOT d/b/a NORTHERN ) | |
| REFRIGERATION CO. and GLOBAL SHIP ) | |
| SERVICES GmbH, *in personam*, ) | |
| ) | |
| Defendants. ) | |

**COMES NOW,** Richard Dickerson, Plaintiff in the above-captioned action, and complaining of Defendants, shows this honorable Court as follows:

1. All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. d within the of the United States and of this Honorable Court. Plaintiff invokes the admiralty and maritime subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 (Admiralty) and request a bench trial.

2. In the alternative, Plaintiff invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332, as all of the Plaintiff and Defendant are citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**APPLICABLE LAW**

3. This action arises and is governed by the General Maritime Law of the United States.

**PARTIES**

1

4. The Plaintiff is a citizen, resident, and domiciliary of the State of South Carolina and Charleston County.

5. On information and belief, Defendant M/V PROLIV VILKITSKOGO is an ocean going vessel of foreign registry and is engaged in the refrigerated cargo trade.

6. On information and belief, Defendant Servrybkholodflot d/b/a Northern Refrigeration Co. is a corporation or other business entity organized and existing under and by virtue of the law of Russia or some other foreign country, and at all material times was and now is engaged in business as a carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the use of the M/V PROLIV VILKITSKOGO as a general vessel engaged in the carriage of merchandise by water for hire between, among others, the Ports of Charleston, South Carolina, and a foreign country. Despite failing to register to do business in the State of South Carolina, Servrybkholodflot d/b/a Northern Refrigeration Co., at all material times, was doing business in this state.

7. On information and belief, Defendant Global Ship Services GmbH is a corporation or other business entity organized and existing under and by virtue of the law of Germany or some other foreign country, and at all material times was and now is engaged in business as a carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the use of the M/V PROLIV VILKITSKOGO as a general vessel engaged in the carriage of merchandise by water for hire between, among others, the Ports of Charleston, South Carolina, and a foreign country. Despite failing to

register to do business in the State of South Carolina, Global Ship Services GmbH, at all material times, was doing business in this state.

8. At the time of the below described accident, Plaintiff Richard Dickerson was employed by Stevedoring Services of America as a longshoreman and was working aboard the M/V PROLIV VILKITSKOGO, assisting with the loading of boxes of frozen chicken.

9. On January 19, 2002, Plaintiff Richard Dickerson was located in one of the refrigerated holds of M/V PROLIV VILKITSKOGO and began to climb up a ladder leading from inside the hold to the weather deck of the said vessel. The ladder was provided by and under the active control of the Defendants. As Plaintiff Richard Dickerson was climbing up the ladder to exit the hold, the ladder fell, causing him to be thrown off of the ladder, to fall numerous feet through the air and to strike the vessel's hard deck.

10. As a result of his fall, Plaintiff Richard Dickerson received multiple bruises across his body, broke his nose, injured his left hand, injured his neck, had a laminectomy and an anterior cervical discectomy surgery performed on his neck, and other injuries.

11. Plaintiff Richard Dickerson's injuries resulting from the accident were not caused or contributed to by any fault or neglect on his part, but were solely and proximately caused the negligence of Defendants, their agents, servants or employees, acting individually or concurrently in the following respects:

    a. failing to properly secure the ladder;

    b. failing to properly maintain the ladder;

    c. failing to warn Plaintiff in a timely and sufficient manner of an unreasonably dangerous condition;

    d. maintaining inadequate safety procedures;

e. failing to provide a safe manner for Plaintiff to exit the hold;

f. failing to prevent the ladder from falling; and

g. other acts of negligence to be shown at trial.

12. As a result of the accident and Defendants' negligence, Plaintiff has been damaged. Plaintiff has experienced and continues to experience pain, suffering, and mental anguish; has incurred medical expenses; and has experienced and will continue to experience a loss of enjoyment of life, all as a result of the accident.

13. As a result of the accident and Defendants' negligence, Plaintiff has a maritime tort lien against M/V PROLIV VILKITSKOGO.

**WHEREFORE**, based on the foregoing, Plaintiff prays:

1. That Defendants be cited to appear and answer all matters aforesaid;

2. That judgment be entered for Plaintiff and against Defendants, jointly and severally, for all general and special damages known to the law;

3. That all expert fees be taxed as costs;

4. That Plaintiff's maritime tort lien against M/V PROLIV VILKITSKOGO be recognized by this Honorable Court, and M/V PROLIV VILKITSKOGO arrested and sold to satisfy Plaintiff's maritime tort lien;

5. That Plaintiff be awarded all costs and legal expenses; and

6. That Plaintiff be awarded all other relief the Court deems fit.

Respectfully Submitted,

BLUESTEIN LAW FIRM, P.A.

By: /s/
S. Scott Bluestein, Fed. Id. No. 6981
145 King Street, Suite 311

4

        Post Office Box 1248
        Charleston, SC 29402
        (843) 577-3092

        AND

        THE STEINBERG LAW FIRM

        Malcolm M. Crosland, Jr./Federal ID No. 4180
        111 Church Street
        Charleston, SC 29402
        (843) 266-1701

        ATTORNEYS FOR PLAINTIFF

Charleston, South Carolina
December 13, 2004

## VERIFICATION

I am the Plaintiff herein and have read the foregoing Complaint and know the contents thereof and the same is true to my own knowledge, except as to those matters that are therein stated upon information and belief, and to those matters I believe to be true.

_____  12/10/04

Richard Dickerson            Date